No. 24.—THOMAS MILSAPS, plaintiff in error, vs. JOSEPH JOHNSON, defendant in error.

A *qui tam* action does not lie in this State to recover the penalty given by the 32. Henry 8th, for the sale of pretended titles to land.

Debt *qui tam*, from Fannin Superior Court. Decision by Judge TRIPPE, at November Term, 1856.

The plaintiff, Thomas Milsaps, brought an action of debt, *qui tam*, against Joseph Johnson, junior, to recover the pen-

alty prescribed by statute 32. Henry 8, *Sec.* 2, for bargain-
ing for, and buying a pretended title to a lot of land, of
which plaintiff was seized and possessed. The amount sued
for was two thousand dollars, the alleged value of the land.

The defendant demurred to the declaration, on the ground
that the said statute of Henry 8th, was not of force in Geor-
gia, and that an action for buying a pretended title would
not lie in this State.

The Court sustained the demurrer, and dismissed plaintiff's
action, and to this decision counsel for plaintiff excepts, &c.

Wm. Martin, for plaintiff in error.

Underwood, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Is a party in this State entitled to a *qui tam* action, to re-
cover the penalty prescribed by the 32. Henry 8th, for the sale
of a pretended, or as it is sometimes called, a pretense title to
land?

It is exceedingly questionable whether any portion of this
act ought ever to have been adopted by our Courts, for the
simple reason, that the policy in which this statute originated,
does not and never did exist here. When this Court was
organized, it found that it was enforced pretty generally by
the Circuit Courts in this State, in a very limited form ; and
in this, as in other cases, we acquiesced in the decisions as
we found them ; and hence recognized the doctrine in *Pitts
against Bullard,* (3. *Ga. Rep.* 5,) and subsequent cases. But
so far as we know, it has never been supposed, that the right
to sue for the penalty given by this statute, had been adopt-
ed here. Neither the books of reports, beginning with the
elder Charlton, nor tradition itself, furnish any such case.
Indeed, our Courts have never even held, that twelve months
previous possession, was necessary as required by the Eng-

lish statute, in order to sell. The object of the law was understood here as being to prevent the sale of law suits, it was sufficient, if there was no adverse possesion held by another at the making of the deed. (*See* 3. *Ga. Rep.* 17.)

We have a right to infer therefore, that the penal portion of this statute, was not usually of force in this State previous to our adopting statute. For if otherwise, why practically disused since the memory of the Bar? In none of the arguments submitted to this Court upon the 32. Henry 8th, has it been assumed or supposed, that the penal part of the act was of force. On the contrary, it has been uniformly repudiated. The same seems to be true in other States of the Union, a great majority of whom, have adopted this statute in the modified form it has been here.

It is common, as in the 43d of Elizabeth, respecting charitable uses, to adopt a portion of a British statute so far as deemed applicable to the wants and condition of our country, and disregard or reject the balance.

Judgment affirmed.